**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JAMES T. FIDLER | ) |
| | ) |
| Petitioner, | ) |
| v. | )  No. 1:08-cv-1448-SEB-JMS |
| | ) |
| SUPERINTENDENT WRIGLEY, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

James Fidler ("Fidler") is a state prisoner who was disciplined in a proceeding identified as No. NCF 08-06-0416 for violating prison rules by engaging in disorderly conduct. The evidence favorable to the decision of the conduct board, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found. . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), is that during the morning of June 25, 2008, Fidler was rude and disruptive during a medical appointment when the doctor would not issue a prescription Fidler was demanding. Contending that the proceeding was constitutionally infirm, Fidler now seeks a writ of habeas corpus.

The writ Fidler seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be denied. The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least "some evidence" to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error. Fidler's allegations that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Fidler to the relief he seeks. Accordingly, Fidler's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/06/2009

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana